IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GEORGE TYLE SULLIVAN**                                                                                     **PLAINTIFF**
**ADC #610057**

v.                                         Case No. 4:20-cv-00740-KGB-JTK

**VETIS S. MALONE, Corporal,**                                                                             **DEFENDANTS**
**Varner Supermax,** *et al.*

### ORDER

The Court has reviewed the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 46). Plaintiff George Tyle Sullivan has filed objections to the Recommendations (Dkt. No. 47). After careful consideration of the Recommendations, Mr. Sullivan's objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 46).

The Court writes separately to address Mr. Sullivan's objections to the Recommendations. In his objections, Mr. Sullivan asserts that Judge Kearney erred by finding that he did not know whether defendant Corporal Malone saw that he had a cut in his knuckle or that it was swollen (Dkt. No. 47, at 2). Mr. Sullivan states that he testified at his deposition that he requested medical assistance after Corporal Malone hit his hand with a heavy steel bar and that Corporal Malone "said no" (*Id.*, at 2). Mr. Sullivan was asked at his deposition, "[d]o you know whether she actually noticed whether there was a cut on your knuckle or that it was swollen?" (Dkt. No. 35-1, at 9). Mr. Sullivan responded, "I can't say if she actually noticed." (*Id.*). Based on Mr. Sullivan's testimony at his deposition, it was not error for Judge Kearney to find that Corporal Malone did not know whether Mr. Sullivan had a cut on his knuckle or that it was swollen.

Mr. Sullivan cites to *Howard v. Adkinson*, 887 F.2d 134, 140 (8th Cir. 1989), for the proposition that, "Defendants who acted in violation of Prison Policies were not immune" (Dkt. No. 47, at 3, 7, 11). In *Howard*, the appellant prison officials appealed a jury verdict holding them liable under 42 U.S.C. § 1983 for cruel and unusual punishment. 887 F.2d at 135. The appellants argued on appeal that they were entitled to qualified immunity from the appellee's claims that his exposure to unsanitary and inhumane living conditions at the prison facility over a period of two-years was cruel and unusual punishment. *Id*. at 135-36, 140. In his complaint, the appellee had not alleged that the Missouri prison system itself had mistreated him through the use of improper policies but rather that appellants had ignored applicable prison policies. *Id*. at 140. The Eighth Circuit Court of Appeals found that, "[a]lthough appellants may have possessed some decision-making power as a result of their positions, they were not authorized to act as they did. Since they were exercising no discretionary power, they are not entitled to qualified immunity." *Id*. The Eighth Circuit Court of Appeals did not state, as Mr. Sullivan suggests, that the appellants were not entitled to immunity because they had violated prison policies. There is no § 1983 liability for a violation of prison policy. *See Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Mr. Sullivan objects to Judge Kearney's finding that Mr. Sullivan testified at his deposition that "he held his trap down to get extra juice and coffee and also testified that he could have received a major disciplinary charge for not moving his hand so [Corporal Malone] could close the trap." (Dkt. No. 47, at 4). Mr. Sullivan points out that he was not found guilty of a disciplinary for holding down the trap and refusing to move his hand or for disobeying a verbal or written order of a staff member (*Id*.).[1] The Court has reviewed the record and finds Judge Kearney did not

---

[1] As Judge Kearney points out in his Recommendations, Mr. Sullivan was charged with a disciplinary as a result of the incident and was found guilty of one charge. As a result, Mr. Sullivan

mischaracterize Mr. Sullivan's deposition testimony (Dkt. No. 35-1 at 7, 15). Further, according to the Condensed Health Service Encounter from February 22, 2019, immediately after the incident, Mr. Sullivan told the service provider that Corporal Malone "was trying to close my trap and my finger was in the way. I don't think she meant to which is why I didn't write her up. It hurts." (Dkt. No. 42, at 30). Whether Mr. Sullivan was charged with or found guilty of a disciplinary for holding down the trap or disobeying an order is of no consequence; Mr. Sullivan admits to holding the trap door open based on record evidence before the Court.

Mr. Sullivan accuses Corporal Malone of making "false allegations that the Plaintiff attempted to sexually assault [her] by implying that inmate George Sullivan tried to grab her breast but; she failed to charge him with accurate relevant disciplinary infraction." (Dkt. No. 47, a 5). In his Recommendations, however, Judge Kearney considered the facts in the light most favorable to Mr. Sullivan and assumed that Mr. Sullivan's claim that he did not attempt to grab Corporal Malone's breast was true (Dkt. No. 46, at 12). Judge Kearney concluded, however, that even assuming Mr. Sullivan did not attempt to grab Corporal Malone's breast, Mr. Sullivan had not come forward with evidence to show that "Malone's actions were unreasonable, maliciously and sadistically to cause harm, or unrelated to the need to close the trap to maintain security" and that "minimal injury suffered can be considered as evidence that the amount of force she used was minimal." (Dkt. No. 46, at 12 (citing *Wilkins v. Gaddy*, 599 U.S. 34, 37 (2010))). In his objections, Mr. Sullivan has not pointed the Court to evidence in the record on which a jury could find that Corporal Malone violated a constitutional or statutory right.

---

received a class reduction, was given restrictions for 60 days, and was sent to punitive isolation for 30 days (Dkt. No. 46, at 6, 9 (citing Dkt. Nos. 35-1, at 6; 35-8)).

After careful consideration of the Recommendations, Mr. Sullivan's objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 46). The Court grants defendants' motion for summary judgment (Dkt. No. 35). Mr. Sullivan's complaint is dismissed with prejudice (Dkt. No. 2). The Court denies the relief requested.

The Court has reviewed Mr. Sullivan's motion for judgment as a matter of law. Having dismissed with prejudice Mr. Sullivan's complaint, the Court denies as moot Mr. Sullivan's motion for judgment as a matter of law (Dkt. No. 48).

It is so ordered this 22nd day of February, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge